EXHIBIT A

FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
05/01/2025 04:36 PM
CV 2025 05 1142

## IN THE COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

**Paula Faust**
730 Miami Street
Hamilton, OH 45011

       Plaintiff,

  vs.                                    CASE NO.

**Wal-Mart Stores East, LP**        JUDGE
℅ Statutory Agent
CT Corporation System
4400 Easton Commons Way       **JURY DEMAND**
Suite 125                             **ENDORSED HEREIN**
Columbus, OH 43219

      and

**WalMart Supercenter #3502**       **COMPLAINT FOR MONEY**
3201 Princeton Rd.                   **DAMAGES**
Hamilton, OH 45011

      and

**Walmart, Inc.**
℅ Statutory Agent
CT Corporation System
4400 Easton Commons
Suite 125
Columbus, OH 43219

      and

**Caresource Ohio, Inc.**
℅ Statutory Agent
Corporation Service Co.
1160 Dublin Road, Ste. 400
Columbus, OH 43215

1

and

XYZ Corporations, 1-10,
Name Unknown
Address Unknown.


Defendants.

# COMPLAINT

## I.     PARTIES

1. Plaintiff, Paula Faust, a resident of Hamilton, Butler County, Ohio, brings this action against Defendants, Wal-Mart Stores East L.P, Walmart Supercenter #3502, Walmart, Inc. (Wal-Mart Defendants) and, CareSource /or XYZ Defendant Corporations, whose correct name and business addresses are currently unknown to Plaintiff, but who may have an interest in this matter as an assignor, assignee, subrogor, or subrogee pursuant to Rule 19 of the Ohio Rules of Civil Procedure.

2. At all times relevant, the Wal-Mart Defendants shall mean and include Wal-Mart Stores, WalMart, Walmart, Inc., Wal-Mart Supercenter #3502, and other similarly named or titled entities officers, agents, assigns, employees or similarly situated individuals including those who were operating under the authority of, and with the consent of the Wal-Mart Defendants.

3. At all times relevant, the Wal-Mart Defendants were businesses, persons, and/or legal entities who were licensed in Ohio, transacted business in Ohio, contracted in Ohio to supply goods or services in Ohio, regularly undertook and solicited business in Ohio, engaged in other courses

2

of conduct in Ohio, and/or derived substantial revenue from goods used and consumed and services rendered in Ohio.

4.      Further, Plaintiff brings this suit against Caresource, Inc., and XYZ Defendant[s] pursuant to Rules 15 (discovery of names, specifically averring that she cannot in due diligence discover the names as of the time of filing) and 19 of the Ohio Rules of Civil Procedure against XYZ Defendant Corporations, whose correct name and business addresses are currently unknown to Plaintiff, but who may have an interest in this matter as an assignor, assignee, subrogor, or subrogee. Plaintiff sues unknown Defendants in this capacity until such a time that their name or names become known, at which time Plaintiff will move to Amend this Complaint with the parties' full names and addresses.

## JURISDICTION AND VENUE

5.      This court has jurisdiction over this action because the Defendants reside in Ohio, have a principal place of business in Ohio, and/or the events giving rise to this lawsuit took place in Ohio.

6.      Venue is proper in this Court because Plaintiff resides in Butler County, Ohio, and Defendant Wal-Mart operates the supercenter #3502 in Butler County, Ohio, where events giving rise to this lawsuit took place.

## FACTS

7.      Plaintiff hereby incorporates by reference the preceding paragraphs as if fully rewritten herein.

8.      On or about May 5, 2023, Plaintiff Faust was present on the premises lawfully of the Wal-Mart Supercenter #3502 as a business invitee of Defendant Wal-Mart in Hamilton, Ohio.

9.      On or about May 5, 2023, Defendant Wal Mart's officers, agents, assigns, employees and/or similarly situated individuals including those who were operating under the authority and

consent of the Wal-Mart Defendant, and each of them were present on the premises and were involved in the negligence alleged herein.

10. While legally shopping and walking as a business invitee of the Wal-Mart Defendants, Plaintiff Faust stepped backward to observe items on the shelf in front of her, and slipped and fell in a jar of tomato sauce that had been broken and spilled all over the floor of the shipping aisle she was on.

11. As a result of her fall, Plaintiff suffered bodily injuries and damages as alleged herein, proximately caused by the negligence of the Wal-Mart Defendants.

## **CLAIM ONE-NEGLIGENCE**

12. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully rewritten herein.

13. While walking and shopping as a business invitee on the premises, Plaintiff Faust, slipped and fell and suffered bodily injuries. The Wal-Mart Defendants owed Plaintiff a duty of reasonable care to Plaintiff Faust as the Wal-Mart Defendants were deriving a financial or monetary benefit from her shopping at their place of business.

14. At all times relevant hereto, the Wal-Mart Defendants, through their officers, agents, employees and/or assigns, caused the premises to be unsafe to reasonably expected business invitees on the premises such as Plaintiff Faust.

15. At all times relevant hereto, the Wal-Mart Defendants, through their officers, agents, employees and/or assigns, caused the premises to be unsafe to reasonably expected business invitees on the premises such as Plaintiff Faust, and the Wal-Mart Defendants had actual or constructive notice that the premises were unsafe, and through the exercise of due diligence knew

or should have known that the premises were unsafe to reasonably expected business invitees on the premises such as Plaintiff Faust.

16. At all times relevant hereto, the Wal-Mart Defendants, through their officers, agents, employees and/or assigns, although they had the wherewithal and means for doing so, negligently failed to warn or take other preventative measures to protect business invitees, including, but not limited to adequately warning business invitees of unreasonable dangers and hidden risks.

17. At all times relevant hereto, the Wal-Mart Defendants, through their officers, agents, employees and/or assigns, although they had the wherewithal and means for doing so, negligently failed to fix, clean, or ameliorate the unsafe premises for business invitees such as Plaintiff Faust.

18. At all times relevant hereto, the Wal-Mart Defendants, through their officers, agents, employees and/or assigns, negligently created a condition or conditions, through their actions, and failures to act, which directly and proximately resulted in injury to Plaintiff Faust.

19. At all times relevant, the Wal-Mart Defendants, through their negligence created a dangerous and unsafe condition that was hidden, or easily capable of being hidden from Plaintiff Faust, and which such was neither open or obvious to Plaintiff Faust, and such negligence proximately caused injury to Plaintiff as alleged herein.

20. At all times relevant hereto, the Wal-Mart Defendants, including their officers, agents, assigns, employees and/or similarly situated individuals, including those who were operating under the authority and consent of the Wal-Mart Defendants, negligently failed to make reasonable inspections to discover dangerous or hazardous conditions on the premises, failed to act upon or to otherwise protect business invitees from foreseeable hazards, and, generally failed to reasonable steps to protect business invitees.

5

21. At all times relevant hereto, the Wal-Mart Defendants, including their officers, agents, assigns, employees and/or similarly situated individuals including those who were operating under the authority and consent of the Wal-Mart Defendants, negligently failed to follow accepted industry standards and their own policies, procedure, and/or protocols in inspection and cleaning of shopping aisles within the store so as not to cause unreasonable risk to shoppers, including Plaintiff Faust.

22. As a direct and proximate result of the negligent actions and/or inactions of the Wal-Mart Defendants, and each of them, including their officers, agents, assigns, employees and/or similarly situated individuals and those who were operating under the authority and consent of the Wal-Mart Defendants, Plaintiff Faust suffered personal injuries, pain and suffering, loss of enjoyment of life, inability to function usually and normally, and attendant emotional distress, all of which will continue into the future.

23. As a direct and proximate result of the actions or inactions of the Wal-Mart Defendants, and each of them, Plaintiff has incurred past medical bills, lost wages, economic losses, pharmaceutical expenses, and will incur future medical bills, pharmaceutical expenses, economic loss, and future pain and suffering.

## CLAIM TWO-RESPONDEAT SUPERIOR

24. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully rewritten herein.

25. At all times relevant hereto, the Wal-Mart Defendants are liable to Plaintiff Faust, under theories of agency and/or the doctrine of *respondeat superior.*

26. While walking and shopping as a business invitee on the premises, Plaintiff Faust slipped and fell due to a dangerous condition not open and obvious to her, that was a result of the negligent

actions and/or inactions of the Wal-Mart Defendants, and each of them, including their officers, agents, assigns, employees and/or similarly situated individuals and those who were operating under the authority and consent of the Wal-Mart Defendants.

27. As a direct and proximate result of the actions or inactions of the Wal-Mart Defendants, including their officers, agents, assigns, employees and/or similarly situated individuals and those who were operating under the authority and consent of the Wal-Mart Defendants, Plaintiff suffered personal injuries as described above.

### CLAIM THREE-SUBROGATION (XYZ CORPORATIONS)

28. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully rewritten herein.

29. At all times relevant herein, Plaintiff maintained some form of health insurance through Defendant Caresource, Inc. Plaintiff does not have a complete copy of said policy, so it is not attached to this Complaint. Defendant Caresource, Inc. may have incurred medical expenses and costs as a result of Plaintiff's accident that was proximately caused by the negligence of the Wal-Mart Defendants. Thu, Caresource, Inc. may have rights of subrogation and/or reimbursement under said contract as well as the laws and regulations governing same.

30. Plaintiff is further currently unsure of all healthcare providers, persons, and insurers who may have paid a portion of Plaintiff's medical bills related to the injuries herein and as such may have rights of subrogation and/or reimbursement under contracts, laws, and regulations governing such payment.

31. This suit is brought, in part, to determine the rights and responsibilities of said parties, who are herein referred to as XYZ Defendant Corporations, whose correct name and business addresses are currently unknown to Plaintiff, but who may have an interest in this matter as an assignor,

7

assignee, subrogor, or subrogee. Plaintiff sues unknown Defendants in this capacity until such a time that their name or names become readily known, at which time Plaintiff will move to Amend this Complaint with the parties' full names and addresses.

## **PRAYER FOR RELIEF**

Wherefore, based upon the foregoing, Plaintiff demands a judgment against the Defendants, jointly and severally, or in the alternative, for damages in an **amount in excess of twenty-five thousand dollars ($25,000.0)**, plus post judgment interest, costs, attorney's fees, expenses, and any other relief to which Plaintiff may be entitled, including the Amendment of her Complaint as discovery continues, or to any other relief that Plaintiff is entitled to, or as justice so may require.

Respectfully Submitted,

EVANS INJURY ATTORNEYS

*/s/Franklin R. Evans*_____

FRANKLIN R. EVANS (71009)
5950 Live Oak Pkwy, Suite 370
Atlanta, GA 30093
Phone: (800) 469-7246
Email: Franklin@evansinjuryattorneys.com

## **JURY DEMAND**

Plaintiff demands a trial by a jury of eight (8) persons.

*/s/Franklin R. Evans*_____
FRANKLIN R. EVANS (71009)
5950 Live Oak Pkwy, Suite 370
Atlanta, GA 30093
Phone: (800) 469-7246
Email: franklin@evansinjuryattorneys.com